Alexis E. Howell
Alexis Howell, Attorney at Law, LLC
3875 Geist Rd. Suite E #220
Fairbanks, AK 99709
P: 907.202.8885
Email: alexis@ahowelllaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MISTY HUMPHREY,<br><br>          Plaintiff,<br><br>vs.<br><br>REPUBLIC NATIONAL<br>DISTRIBUTING COMPANY<br><br>          Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES** |

**COMES NOW** Plaintiff, Misty Humphery ("Misty" or "Plaintiff"), by and through his/her/their counsel of record, Alexis E. Howell, of Alexis Howell, Attorney at Law, LLC, for her cause of action against Republic National Distributing Company ("RNDC" or "Defendant") and alleges as follows.

### I. JURISDICTION AND VENUE

1. This action arises under federal law, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq, and Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. This Court has supplemental jurisdiction over the Plaintiff's Alaska Human Rights Act and workers' compensation retaliation claims under 28 U.S.C. § 1367, as both arise from the same set of facts.

3. Venue is proper in the District of Alaska under 28 U.S.C. §§ 1391(b) because all events giving rise to these claims occurred within this District and Defendant conducts business here.

4. Plaintiff timely filed a Charge of Discrimination with EEOC and received a Notice of Right to Sue, satisfying all administrative prerequisites.

## II. PARTIES

5. Plaintiff is a resident of Big Lake, Alaska.

6. Defendant is a business entity authorized to do business in Alaska, with its principal place of business in Anchorage, Alaska.

## III. FACTUAL ALLEGATIONS

7. Plaintiff began working for Defendant on or about September 9, 2013, as a Merchandiser and performed duties in a competent and satisfactory manner.

8. On December 8, 2023, Plaintiff sustained a work-related knee injury during the course and scope of her employment.

9. Plaintiff sought immediate medical care and continued treatment throughout 2023 – 2024. Medical imaging showed complex meniscus tears, ACL damage, and other injuries requiring on going treatment.

10. Plaintiff's providers issued documented restrictions and recommended light duty accommodations which Plaintiff formally requested in October 2023 and again on December 13, 2023.

11. Defendant denied Plaintiff's accommodation requests asserting that "no light duty work [is] available," although Defendant has previously granted light duty to other employees.

12. After Plaintiff reported the injury, Defendant refused to treat her leave as workers' compensation and forced her onto Personal Medical Leave, despite Plaintiff's written objection that this was a work-related injury.

13. Plaintiff expressly emailed HR stating: "I do not understand why I'm being forced to take a personal leave of absence when this is workman's compensation." Defendant ignored this and continued to classify the leave as personal.

14. Defendant denied Plaintiff FMLA coverage without substantiating its claim she lacked sufficient hours, despite more than ten years of employment.

15. Defendant required Plaintiff to pay insurance premiums of $236.64 per pay period or risk losing coverage while she was unable to work due to her injury.

16. Defendant informed Plaintiff that she had "no guarantee of reinstatement" and her position "could be filled or eliminated," despite all medical documentation indicating she could return to work with accommodations.

17. On April 16, 2024, Defendant issued a termination letter stating Plaintiff had been "off work for your own medical condition because of a workplace injury," expressly tying her protected activity and disability to the termination decision.

18. Defendant claimed "business need" required termination, although Plaintiff had long tenure and Defendant refused to offer accommodations and refused to participate in the interactive process to discuss accommodations.

19. Defendant further imposed a "100% healed rule," requiring Plaintiff to be "fully released to perform all duties in the job description" before being eligible to reapply. Such a rule is prohibited under the ADA and AS 18.80 because it excludes employees capable of performing essential duties with accommodation.

20. Plaintiff is over the age of 40 and is a member of protected classes based on sex and sexual orientation.

21. Defendants actions, including refusal to accommodate, involuntary leave, misclassification of leave, denial of reinstatement, economic pressure, and termination, occurred under circumstances giving rise to an inference of discrimination and wrongful termination.

22. Plaintiff exercised protected rights under the Alaska Workers' Compensation Act and the ADA, and Defendant's termination letter directly reflects retaliatory motive.

23. As a result of Defendant's actions, Plaintiff suffered lost wages, lost benefits, emotional distress, inconvenience, humiliation, and other damages.

## IV. CLAIMS FOR RELIEF

### COUNT I – Disability Discrimination (ADA)

24. Plaintiff incorporates and realleges all the allegations contained in paragraphs 1 – 23.

25. Plaintiff had a disability or was regarded as having one.

26. Plaintiff was qualified to perform her job with or without reasonable accommodation.

27. Defendants denied accommodation, failed to engage in the interactive process.

28. Defendants imposed a prohibited 100% healed rule.

29. Defendants and terminated Plaintiff because of disability.

30. Defendants' actions violate the ADA.

### COUNT II – Age Discrimination (ADEA)

31. Plaintiff incorporates and realleges all the allegations contained in paragraphs 1 – 30.

32. Plaintiff is over age 40 and was meeting Defendant's legitimate expectations.

33. Defendant's conduct occurred under circumstances giving rise to an inference of age discrimination.

34. Based on information and belief, similarly situated individuals under the age of 40 were provided accommodations whereas Misty was not.

35. Defendant's actions violate the ADEA.

### COUNT III – Sex and Sexual Orientation Discrimination (Title VII)

36. Plaintiff incorporates and realleges all the allegations contained in paragraphs 1 – 34.

37. Plaintiff is a member of protected classes based on sex and sexual orientation.

38. Defendant has denied benefits, failed to accommodate, and terminated her because of her sex and/or sexual orientation, in violation of Title VII.

39. Based on information and belief, similarly situated employees who were not members of this protected class were not terminated and would have been provided accommodations in Misty's position

### COUNT IV – Alaska Human Rights Act (AS 18.80.220)

40. Plaintiff incorporates and realleges all the allegations contained in paragraphs 1 – 37.

41. Defendant discriminated against Plaintiff based on disability, age, sex, and sexual orientation.

42. Defendant imposed a 100% healed requirement and failed to engage in the interactive process.

43. Defendant's actions violate AS 18.80.220

### COUNT V – Workers' Compensation Retaliation

44. Plaintiff incorporates and realleges all the allegations contained in paragraphs 1 – 41.

45. Plaintiff suffered a compensable work-related injury and exercised rights under the Alaska workers' Compensation Act.

46. Defendant expressly connected Plaintiff's workplace injury to the basis for terminating her employment.

47. Defendant's refusal to classify her leave as work related, its denial of reinstatement, and its termination constitute retaliation prohibited by AS 23.30.247.

### V. DAMAGES

A. As a result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer extreme emotional harm and distress.

B. Backpay and past lost benefits from the date of termination to the date of this lawsuit;

C. Front pay and loss of future earning capacity;

D. Compensatory and punitive damages where permitted;

E. Liquidated damages under the ADEA;

F. Attorney's fees and costs;

G. Any other relief the court deems just and equitable.

//

## VI. JURY DEMAND

45. Plaintiff demands trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant providing:

1. An amount in excess of $100,000 an exact amount to be proven at trial

2. All categories of damages as stated above;

3. Punitive damages where permitted;

4. Liquidated damages under the ADEA;

5. Pre and post-judgment interest;

6. Attorney's fees and costs;

7. Any other relief the court deems just and equitable.

**RESPECTFULLY SUBMITTED** February 2, 2026, at Fairbanks, Alaska.

   /s/Alexis E. Howell
3875 Geist Rd. Suite E, #220
Fairbanks, Alaska 99709
P: 907-202-8885
Alaska Bar No. 2305038